IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DA VANG,

           Plaintiff,

v.

HEIDI MELLENBERGER,

           Defendant.

ORDER

23-cv-828-jdp

---

Plaintiff Da Vang, proceeding without counsel, is a state of Wisconsin inmate. Vang alleges that defendant Heidi Mellenberger retaliated against him by seeking to discipline him for purported lies about staff in his correspondence to the Wisconsin governor complaining about the racial bias of a prison staff member. I granted summary judgment to Mellenberger under the doctrine of qualified immunity. Dkt. 33. Vang moves for reconsideration of that decision. Dkt. 35. I will consider that motion as one to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), and I will deny the motion.

I described this case as "rais[ing] a close question about an inmate's right to correspond with those outside his prison," Dkt. 33, at 1, and concluded that qualified immunity applied because there wasn't binding precedent clearly establishing that Mellenberger violated the First Amendment by punishing Vang for purported lies in his request for the governor to investigate potential prison staff misconduct. Vang contends that qualified immunity shouldn't apply because "[t]he federal courts have long recognized a prisoner's right to seek administrative or judicial remedy of conditions of confinement" and "the right to be free from retaliation for exercising this right." Dkt. 35, at 2. But the Supreme Court has repeatedly warned courts not to define clearly established law at too high a level of generality. *See, e.g., Rivas-Villegas v.*

*Cortesluna*, 595 U.S. 1, 5 (2021). The inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (per curiam) (internal quotation marks omitted). Vang's articulation of a clearly established right to seek administrative remedies is too broad to defeat Mellenberger's qualified immunity defense. This case presented a fairly novel set of facts; Vang sought an investigation by the governor's office, a remedy similar to internal prison complaint processes under which Vang wouldn't have been protected by the First Amendment from discipline if staff suspected him of lying. Because Vang's First Amendment rights regarding this set of facts were not clearly established, I will deny his motion to alter or amend the judgment.

ORDER

IT IS ORDERED that plaintiff's motion to alter or amend the judgment, Dkt. 35, is DENIED.

Entered June 27, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge